UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

JEREMY CRUZ,

        Plaintiff,

                                              **JURY TRIAL DEMANDED**

    v.

THE BUTCHERY SHOP INC.
a/k/a THE BUTCHER SHOP - BEER GARDEN
& GRILL, a Florida for-profit corporation,
and FRED NIZNIK, an individual.


        Defendants.

_____/

**COMPLAINT FOR DAMAGES**

Plaintiff, JEREMY CRUZ, ("CRUZ"), by and through his undersigned attorney, files this, his Complaint for Damages against Defendants, THE BUTCHERY SHOP, INC. A/K/A THE BUTCHER SHOP - BEER GARDEN & GRILL, a Florida for-profit corporation, (hereinafter "BUTCHER SHOP") and FRED NIZNIK, hereinafter ("NIZNIK"), and states as follows:

**INTRODUCTION**

1.    This is an action to recover unpaid overtime wage compensation under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq,* (hereinafter "FLSA").

**JURISDICTION**

2.    This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b) and 28 U.S.C. §1331.  At all times pertinent to this Complaint, the corporate Defendant, BUTCHER

Law Office of Rose  H. Robbins
2255 Glades Rd., #324A, Boca Raton, FL 33431    Phone (954) 946-8130    Fax (954) 301-2200

1

SHOP was an enterprise engaged in interstate commerce.  At all times pertinent to this Complaint, the corporate Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined in §3(r) and 3(s) of the FLSA, 29 U.S.C. §203(r) and 203(s).

3.   Defendants operated a restaurant.  Plaintiff's work involved handling on a regular and recurrent basis "goods" or "materials," as defined by the FLSA, which were used commercially in Defendants' business, and moved in interstate commerce.

4.   Upon information and belief, during the relevant time period, the Defendants had an annual gross volume of sales made or business done of not less than $500,000.00.

5.   The Defendants are subject to the jurisdiction of this Court because they engage in substantial and not isolated activity within the Southern District of Florida.

6.   The Defendants are also subject to the jurisdiction of this Court because they operate, conduct, engage in, and/or carry on business in the Southern District of Florida.

## VENUE

7.   The venue of this Court over this controversy is based upon the following:

      a.     The unlawful employment practices alleged below occurred and/or were committed in the Southern District of Florida and,

      b.     Defendants were and continue to be a corporation and individuals doing business within this judicial district.

**PARTIES**

8.   At all times material hereto, Plaintiff, CRUZ, was and continues to be a resident of Miami, Miami-Dade County, Florida, and was an "employee" of the Defendants within the meaning of the FLSA.

9.   At all times material hereto, corporate Defendant, BUTCHER SHOP, was conducting business in Miami, Miami-Dade County, Florida, with its principal place of business in that city.

10.  At all times material hereto, Defendants were the employers of Plaintiff, BUTCHER SHOP.

11.  At all times material hereto, Defendants were and continue to be "employer[s]" within the meaning of the FLSA.

12.  At all times material hereto, Defendants knowingly and willfully failed to pay Plaintiff, CRUZ his lawfully earned wages in conformance with the FLSA.

13.  Defendants committed a willful and unlawful violation of the FLSA and, therefore, are liable for monetary damages.

14.  At all times material hereto, corporate Defendant, BUTCHER SHOP was and continues to be an "enterprise engaged in commerce" within the meaning of the FLSA.

15.  At all times material hereto, the work performed by Plaintiff, CRUZ, was directly essential to the business performed by Defendants.

16.  Plaintiff, CRUZ, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

## STATEMENT OF FACTS

17.  On or about July 12, 2013 Plaintiff was hired by the Defendants as a cook at the Defendants' restaurant. His employment ended on or about  March 29, 2014.

18.  Plaintiff was paid at the hourly rate of  Thirteen ($13) Dollars per hour.

19.  Defendants knowingly and willfully operated their business with a policy of not paying wages in conformance with the applicable law, to the Plaintiff.

20.  Defendant NIZNIK was a supervisor and owner who was involved in the day-to-day operations and was directly responsible for the supervision of Plaintiff.   Therefore, he is personally liable for the FLSA violations.

21.  Defendant NIZNIK was directly involved in decisions affecting employee compensation and/or hours worked by Plaintiff CRUZ.

22.  Plaintiff has retained the Law Office of Rose H. Robbins to represent him in this litigation and has agreed to pay the firm a reasonable fee for its services.

## STATEMENT OF CLAIM:

### COUNT I

### VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

23.  Plaintiff, CRUZ, repeats and realleges Paragraphs 1 through 22 as if fully set forth herein.

24.  Plaintiff, CRUZ's employment with the Defendants was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

25.   During Plaintiff's employment, Plaintiff worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.  Plaintiff, CRUZ, was entitled to be paid at the rate of time and one-half for all his hours worked in excess of the maximum hours provided for in the FLSA.

26.   Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants.  Plaintiff, SMITH, intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

27.   Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by their failure to compensate Plaintiff, CRUZ, at the statutory rate of time and one-half for all the hours he worked in excess of forty (40) hours per week when they knew or should have known such was due.

28.   Defendants failed to properly disclose or apprise Plaintiff, CRUZ, of his rights under the FLSA.

29.   As a direct and proximate result of Defendants' willful disregard of the FLSA, Plaintiff, CRUZ, is entitled to liquidated damages pursuant to the FLSA.

30.   Due to the willful and unlawful actions of the Defendants, Plaintiff, CRUZ, has suffered damages in the amount not presently ascertainable of unpaid overtime wages, plus an equal amount as liquidated damages.

31.   Plaintiff is entitled to an award of his reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiff, CRUZ, respectfully requests that judgment be entered in his favor against the Defendants:

a.      Declaring that the Defendants violated the overtime provisions of 29 U.S.C. § 207;

b.      Awarding Plaintiff overtime compensation in the amount calculated;

c.      Awarding Plaintiff liquidated damages in the amount calculated;

d.      Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e.      Awarding Plaintiff post-judgment interest; and

f.      Ordering any other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as of right by jury.

DATED:   January 4, 2015.

Respectfully submitted,

By: /s./ *Rose H. Robbins*
      Rose H. Robbins
Fla. Bar No. 0694568
rose@roserobbins.com
LAW OFFICE OF ROSE H. ROBBINS
Attorney for Plaintiff
2255 Glades Road, Suite 324A
Boca Raton, FL 33431
Phone: (954) 946-8130
Fax: (954) 301-2200

Law Office of Rose  H. Robbins
2255 Glades Rd., #324A, Boca Raton, FL 33431    Phone (954) 946-8130    Fax (954) 301-2200